# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| KENNETH L. STEVENS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV611-015 |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Seeking 42 U.S.C. § 405(g) review of the Social Security Administration's denial of his applications for disability and disability insurance benefits, doc. 1, Kenneth L. Stevens successfully moved this Court for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 5. However, the Court inadvertently failed to direct Fed. R. Civ. P. 4 service upon the defendant. As a litigant proceeding IFP, Stevens is "not responsible for the service of process. *See* 28 U.S.C. § 1915(d) ('The officers of the court shall issue and serve all process[.]'); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ('the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service

upon the defendants ... once reasonable steps have been taken to identify for the court the defendants names in the complaint'). . . . ." *Crock v. Astrue*, 332 F. App'x 777, 778 (3rd Cir. 2009). Pursuant to Fed. R. Civ. P. 4(c)(3), then, the United States Marshal shall effect service upon the Commissioner.[1]

**SO ORDERED** this  11th  day of May, 2011.

*/s/ J. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[1] Nothing, of course, prevented plaintiff's counsel from effectuating service in the intervening months since that Order was issued.